IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GUSI J. MENGER, a/k/a Heather V. Menger, a/k/a Carrie Evelyn Menger § § § § § vs. § § § § RANDY WAGES, *et al*. § | CIVIL ACTION NO. 6:22-cv-172 |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding *pro se*, filed the above-styled lawsuit on May 5, 2022. For the reasons below, the Court recommends that the complaint be **DISMISSED**.

### BACKGROUND

The original complaint identified the defendants as Kristy Wages, Randy Wages, the Palestine Area Board of Realty and First Presbyterian Church in Crockett, Texas. The pleading alleged that Plaintiff's communications were being "surveilled" by Texas realtors and members of the First Presbyterian Church in Crockett, Texas. Plaintiff submitted that Defendants "feigned friendships" and depicted her in a false light as a criminal. She alleges that Defendants ignored the Texas Realtor's Code and customary business ethics. The original complaint sought the following relief: (1) to change Plaintiff's name to Carrie Evelyn Menger; (2) to change sex to female; (3) to change age to correct assignment; (4) to change DOB to 02/11/1990; (5) to stop any further malicious use of Texas Family Code against Plaintiff; and (6) to "abstain" Defendants.

1

The original complaint did not identify a cause of action or a basis for federal jurisdiction. Due to Plaintiff's status as a *pro se* litigant, the Court issued an Order on May 9, 2022, providing Plaintiff thirty days to submit an amended complaint showing a basis for federal court jurisdiction.

After the Order was entered, Plaintiff filed a pleading titled "Additional/Supplemental" and 86 pages of purported exhibits. *See* ECF 4, 6, 8–10. Plaintiff alleged that "operational assets" were encountered in a bank on an unidentified date, that Kristy Wages was trying to become her, and that a name, sex and age change was needed immediately. In the May 13, 2022 filing (ECF 6), Plaintiff discussed general principles concerning anti-trust law and asserted that unfair opinions of her have an unjust effect on her business potential, thereby giving an unfair advantage to others in the realtor market. Plaintiff submitted that delays in her name, age, and sex "correction" are detrimental to her. Plaintiff alleged that Kristy and Randy Wages set her up to have a protective order entered against her in Anderson County, Texas (ECF 8).

The Court subsequently entered a Report and Recommendation (ECF 13) recommending that the complaint be dismissed without prejudice for lack of subject matter jurisdiction as a result of Plaintiff's failure to identify a basis for federal court jurisdiction. Instead of filing written objections to the Report, Plaintiff filed an "amendment" (ECF 14). Plaintiff stated that she withdraws her claims against Kristy Wages, Randy Wages and the First Presbyterian Church in Crockett, Texas. She also stated that she is adding a claim against Texas A&M University, Mark Zoran and Katherine Banks seeking $150,000,000.00 in punitive damages. Plaintiff alleged that she sought employment from Texas A&M University.[1] She asserted that the "Texas A&M University Department of Biology and the Office of Risk, Ethics, and Compliance have created a hostile, pervasive freedom-restricting environment that impedes or is preventing [her] from

---

[1] Amendment, ECF 14, at *2.

registering and enrolling in summer courses and in proceeding through employment or research interviews."[2]

As with the earlier pleadings, Plaintiff's amendment failed to clearly state the claims or basis for federal jurisdiction. As a result of her removal and addition of parties, the Court provided one more opportunity for Plaintiff to amend the complaint to clarify the claims and the basis for federal court jurisdiction.

Plaintiff filed an Amended Complaint on September 23, 2022. In this pleading, Plaintiff lists the only defendants as Texas Real Estate Commission, Judge Deborah Oakes-Evans, District Attorney Allyson Mitchell and First Assistant Scott Holden. Plaintiff re-asserts that she is seeking to change her gender identity and alleges that she was tracked and treated like a criminal in East Texas. Plaintiff submits that the police, together with a judge and the district attorney's office worked together to surprise her with a protective order. In her request for relief, Plaintiff states that she is seeking to "remove the protective order" and to "block any disposition of 'violations' of such order."[3]

## ANALYSIS

Federal courts are courts of limited jurisdiction. Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997). "Under our federal constitutional scheme, the state courts are assumed to be equally capable of deciding state and federal issues." *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) (overruled on other grounds, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999)). If Congress has not conferred jurisdiction upon

---

[2] *Id.* at *4.
[3] Amended Complaint, ECF 18, at *10.

the federal courts, the state courts become the sole vehicle for obtaining initial review of some claims. *Id*. (citing *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 425 (1971)). An action must be dismissed if the court determines that subject matter jurisdiction is lacking. FED. R. CIV. P. 12(h)(3).

The amended pleading by Plaintiff fails to identify a cause or action or a basis for federal court jurisdiction. Plaintiff does not allege facts to support diversity jurisdiction pursuant to 28 U.S.C. § 1332. Additionally, Plaintiff does not identify a federal law providing a basis for federal jurisdiction pursuant to 28 U.S.C. § 1331. To the extent Plaintiff may be seeking relief pursuant to 42 U.S.C. § 1983, she has not alleged facts to support a viable claim. Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980). To maintain a civil rights lawsuit, a plaintiff must show an abuse of governmental power that rises to a constitutional level. *Love v. King*, 784 F.2d 708, 712 (5th Cir. 1986). Here, Plaintiff has not alleged facts showing the violation of a constitutional right.

Further, judges are absolutely immune from liability for judicial acts, however erroneous the act and however evil the motive. *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) (citing, *inter alia, Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 1105–07, 55 L.Ed.2d 331 (1978)). Judges enjoy absolute immunity due to the special nature of their responsibilities. *See Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978). The rationale for providing such absolute immunity from lawsuits stems from the fact that, without protection from retaliatory

suits, a judge would lose the independence so necessary for the judiciary to be respectable and useful. *See Bradley v. Fisher*, 80 U.S. 335, 347, 20 L.Ed. 646 (1871).

A plaintiff must show that the actions complained of were non-judicial in nature or that the actions were taken in a complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). A judge's acts are "judicial in nature" if they are normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Id*. Further, when considering whether actions were judicial in nature, the Court "considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). "The four factors are to be broadly construed in favor of immunity, and immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge's mind that to take proper action might expose him to personal liability." *Id*. (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985, *cert. denied*, 474 U.S. 1101, 106 S.Ct. 883 (1986)). Here, Plaintiff's complaint against Judge Deborah Oakes-Evans specifically challenges acts that are judicial in nature; specifically, the issuance of a protective order.

Similarly, prosecutors in their individual capacity enjoy absolute immunity from a § 1983 lawsuit that is brought concerning actions within the scope of the prosecutor's duties. *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984 (1976); *see also Brooks v. George County, Miss.*, 84 F.3d 157, 168 (5th Cir. 1996). Prosecutors are absolutely immune for "their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately

associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934 (1991) (citations omitted). A prosecutor enjoys qualified immunity for other actions that are "performed in the course of 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (citing *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016)). Plaintiff's claim against the district attorney and first assistant solely relate to their participation in the issuance of the protective order. Plaintiff has not alleged facts that would overcome prosecutorial immunity.

Plaintiff was provided multiple opportunities to amend the complaint to correct its deficiencies and was unable to do so. Accordingly, the case should be dismissed with prejudice for failure to state a claim.

## RECOMMENDATION

It is hereby **RECOMMENDED** that the complaint be **DISMISSED** with prejudice for failure to state a claim on which relief may be granted. FED. R. CIV. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v.*

*United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 4th day of October, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE